UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

TIMOTHY M. BELONGIE,

                Plaintiff,

v.                                               Case No. 20-cv-1742-pp

CO KLUENKER, JA BRIXSUS,
and MANITOWOC COUNTY JAIL,

                Defendants.

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2) AND SCREENING COMPLAINT**

---

Timothy M. Belongie, an inmate at the Manitowoc County Jail who is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants inappropriately searched him and disregarded his PREA claims. This decision resolves the plaintiff's motion for leave to proceed without prepaying the filing fee, dkt. no. 2, and screens his complaint, dkt. no. 1.

**I.    Motion for Leave to Proceed without Prepaying the Filing Fee (Dkt. No. 2)**

The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was a prisoner when he filed his complaint. See 28 U.S.C. §1915(h). The PLRA allows the court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. §1915(b)(1). He then must pay the balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

1

On November 23, 2020, the court ordered the plaintiff to pay an initial partial filing fee of $5.33. Dkt. No. 5. The court received that fee on December 18, 2020. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee and require him to pay the remainder of the filing fee over time in the manner explained at the end of this order.

**II.    Screening the Complaint**

    A.    <u>Federal Screening Standard</u>

Under the PLRA, the court must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). <u>See</u> <u>Cesal v. Moats</u>, 851 F.3d 714, 720 (7th Cir. 2017) (citing <u>Booker-El v. Superintendent, Ind. State Prison</u>, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the

2

plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. Cty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B. The Plaintiff's Allegations

The plaintiff asserts that "'C.O. Kluenker' violated [his] 5th 8th & 14th Amendment rights in the Manitowoc County Jail on Sept. 13th, by cup[p]ing [his] testicles individually with the both of his hands during a pat search." Dkt. No. 1 at 2. He asserts that "'JA Brixsus' violated [his] 5th & 14th Amendment rights by disreguarding (sic) [his] prea [Prison Rape Elimination Act] claims from Sept. 14th through Oct. 24th in the Manitowoc County Jail." Id. The plaintiff requests "punishments handed out to the violaters (sic) & financial relief for the victims (sic)." Id. at 3.

C.   Analysis

The plaintiff does not say whether he was a pretrial detainee or a prisoner at the time of the incidents he complains of. He does not even identify the year in which these events occurred. But the electronic docket of his criminal case reveals that he has been a pretrial detainee at the Manitowoc County Jail since at least July 13, 2020, and remains there awaiting trial, currently scheduled for February 23, 2021. See https://wcca.wicourts.gov/ (Manitowoc County Case Number 2020CF000555). The court assumes that these events occurred in September and October 2020, while the plaintiff was a pretrial detainee at the Manitowoc County Jail.

The plaintiff's claim that Kluenker inappropriately touched him during a search is similar to a claim of excessive force. Because the plaintiff was a pretrial detainee at the time of the alleged search, the court analyzes his claim under the Fourteenth Amendment's standard of objective reasonableness. See Kingsley v. Hendrickson, 576 U.S. 389, 397 (2015). Under that standard, the plaintiff must show that the defendant acted "with purposeful, knowing, or reckless disregard of the consequences" of their actions. Miranda v. Cty. of Lake, 900 F.3d 335, 354 (7th Cir. 2018). The plaintiff also must show that the defendant's actions were objectively unreasonable; that is, that they were not "'rationally related to a legitimate non-punitive governmental purpose'" or that they were "'excessive in relation to that purpose.'" Hardeman v. Curran, 933 F.3d 816, 822 (7th Cir. 2019) (citing Kingsley, 576 U.S. at 397).

4

The complaint provides little detail about Kluenker's search of the plaintiff. The plaintiff alleges only that it was a "pat search" and that Kluenker cupped the plaintiff's testicles with his hands during the search. The plaintiff's allegations may be enough to proceed against Kluenker. See, *e.g.*, Morehead v. Milwaukee Cty. Police Dep't, No. 17-CV-1320-PP, 2018 WL 1175356, at *2–*3 (E.D. Wis. Mar. 5, 2018) (permitting the plaintiff to proceed on a claim alleging that a booking officer, for no reason, "'gripped' and 'pulled' his penis and testicles when he searched the plaintiff"). But the plaintiff does not allege where in the jail this occurred (In the plaintiff's cell? In a private area? In front of others?), the context or justification for the search (Was this a routine search? Part of the booking process? Part of a lockdown?) or the extent of Kluenker's contact with the plaintiff. There may have been legitimate, penological interests at stake, such as safety, that rendered the search and contact permissible. See Gillis v. Pollard, 554 F. App'x 502, 506 (7th Cir. 2014) (affirming grant of summary judgment for guards who made "brief contact with the genital area over clothing during a pat-down" because contact was incidental to legitimate search of inmate's groin for weapons or contraband). Without more information about this search, the court cannot tell whether Kluenker's actions were a reasonable part of a legitimate search or "excessive in relation to that purpose." Kingsley, 576 U.S. at 398.

As for Brixsus, the court infers that "JA" stands for Jail Administrator. The plaintiff alleges that Brixsus disregarded the plaintiff's PREA claims from September through October 2020. The plaintiff does not explain whether he

5

*filed* PREA complaints or simply told someone he had PREA claims, whether Brixsus was aware of the plaintiff's claims or complaints or how many claims or complaints he filed, among other questions. It is possible Brixsus did not hear about, read or see the plaintiff's PREA claims and may have had nothing to do with responding to them. To be liable under §1983, a defendant must be personally involved in the alleged deprivation of the plaintiff's rights. See Vance v. Peters, 97 F.3d 987, 991 (7th Cir. 1996). The plaintiff's complaint does not provide enough detail to show that Brixsus was personally involved in any disregard of the plaintiff's PREA claims.

The plaintiff also named as a defendant the Manitowoc County Jail. But the jail is not a "person" that may be sued under §1983. The court could construe this claim as if the plaintiff had sued Manitowoc County. But a local government entity such as a county "cannot be held liable *solely* because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658, 691 (1978) (emphasis in original). A municipality may "be held liable under § 1983 only for its own violations of federal law." Los Angeles Cty. v. Humphries, 562 U.S. 29, 36 (2010) (citing Monell, 436 U.S. at 694). To show municipal liability, a plaintiff "must demonstrate that there was an 'official policy, widespread custom, or action by an official with policy-making authority [that] was the "moving force" behind his constitutional injury.'" Estate of Perry v. Wenzel, 872 F.3d 439, 461 (7th Cir. 2017) (quoting Daniel v. Cook Cty., 833 F.3d 728, 734 (7th Cir. 2016)). "[T]he touchstone of

6

'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" City of St. Louis v. Praprotnik, 485 U.S. 112, 138 (1988) (quoting Pembaur v. Cincinnati, 475 U.S. 469, 479–80 (1986) (emphasis in original)).

The plaintiff has not alleged that the defendants violated his rights as part of an unconstitutional Manitowoc County policy or custom of cupping inmates' testicles during searches or a policy or custom of disregarding PREA claims. He accuses individual jail employees of violating his rights, not the county. The court will not allow the plaintiff to proceed against Manitowoc County or the Manitowoc County Jail.

The court will dismiss the plaintiff's complaint because it does not have enough detail to state a claim against any proper defendant. Although the court will not allow the plaintiff to proceed against the Manitowoc County Jail, it is possible that he may be able to provide enough details to state a claim against the other defendants. The court will give the plaintiff an opportunity to amend his complaint to address the issues described in this order.

When writing his amended complaint, the plaintiff should provide the court with enough facts to answer the following questions: 1) Who violated his constitutional rights?; 2) What did each person do to violate his rights?; 3) Where did each person violate his rights?; and 4) When did each person violate his rights? The plaintiff's amended complaint does not need to be long or contain legal language or citations to statutes or cases, but it does need to

7

Case 2:20-cv-01742-PP    Filed 02/17/21    Page 7 of 11    Document 7

provide the court and each defendant with notice of what each defendant allegedly did or did not do to violate his rights. The court advises the plaintiff to provide enough detail for his claims against Kluenker and Brixsus to address the court's concerns and questions described in this order; he should provide details such as where he was when Kluenker searched him, why Kluenker was searching him, how long the search took, whether the plaintiff said anything to Kluenker when Kluenker allegedly cupped his testicles. He should provide details such as whether he filed any written PREA claims and when, whether Brixsus knew about those written claims, how he knows Brixsus knew about the claims and why he believes Brixsus ignored the claims. Stating only that the defendants violated his rights, without explaining *how* the defendants violated his rights, is not enough.

The court is enclosing a copy of its amended complaint form and instructions. The plaintiff must list the case number for this case on the first page. He must list all the defendants he wants to sue in the caption of the amended complaint (remembering that he cannot list the jail or the county). He should use the spaces on pages two and three to explain the key facts that give rise to the claims he wishes to bring, and to describe which defendants he believes committed the violations that relate to each claim. If there is not enough space on those pages, the plaintiff may use up to five additional sheets of paper, double-spaced so that the court can read them. The amended complaint takes the place of the prior complaint and must be complete in itself; the plaintiff may not refer the court back to his original complaint, rather than

8

repeating in the amended complaint any of the facts from the original complaint that are necessary to his claims.

### III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **ORDERS** that defendant Manitowoc County Jail is **DISMISSED**.

The court **CONCLUDES** that the plaintiff's complaint fails to state a claim. Dkt. No. 1.

The court **ORDERS** that the plaintiff may file an amended complaint that complies with the instructions in this order. If the plaintiff chooses to file an amended complaint, he must do so in time for the court to receive it by the end of the day on **April 5, 2021**. If the plaintiff files an amended complaint in time for the court to receive it by the end of the day on **April 5, 2021**, the court will screen the amended complaint as required by 28 U.S.C. §1915A. If the plaintiff does not file an amended complaint by the deadline, the court will dismiss this case based on the plaintiff's failure to state a claim in his original complaint and will issue him a strike as required by 28 U.S.C. §1915(g).

The court **ORDERS** that the agency that has custody of the plaintiff must collect from his institution trust account the **$339.34** balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the clerk of court each time the

9

amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency must clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the transferring institution must forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to the Manitowoc County Sheriff.

The court **ORDERS** that plaintiffs who are inmates at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the court to the following address:

>  Office of the Clerk
>  United States District Court
>  Eastern District of Wisconsin
>  362 United States Courthouse
>  517 E. Wisconsin Avenue
>  Milwaukee, Wisconsin 53202

DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court advises the plaintiff that if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to diligently pursue it. The parties must notify the clerk of court of any change of address. The court also advises the plaintiff that

---

[1] The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

10

Case 2:20-cv-01742-PP   Filed 02/17/21   Page 10 of 11   Document 7

it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. The plaintiff's failure to keep the court advised of his address may result in the court dismissing this case without further notice.

The court includes with this order a copy of the guide entitled, "Answers to Prisoner Litigants' Common Questions" and a blank prisoner complaint form.

Dated in Milwaukee, Wisconsin, this 17th day of February, 2021.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**