UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TIMOTHY M. BELONGIE,

          Plaintiff,

v.                                                         Case No. 20-cv-1742-pp

CO KLUENKER and JA BRIXSUS,

          Defendants.

**ORDER SCREENING AMENDED COMPLAINT UNDER 28 U.S.C. §1915A**

On February 17, 2021, the court screened the plaintiff's 42 U.S.C. §1983 complaint and dismissed it because it failed to state a claim, but the court allowed the plaintiff to file an amended complaint by April 5, 2021. Dkt. No. 7. One month later, the plaintiff filed his amended complaint, which is before the court for screening. Dkt. No. 8.

**I.    Screening the Amended Complaint**

    A.    <u>Federal Screening Standard</u>

As the court explained in the previous order, it must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the amended complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, the amended complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The amended complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. Cty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B. The Plaintiff's Allegations

The amended complaint contains much more detail than the original complaint. It alleges that on September 13, 2020, around 12:30 a.m., the plaintiff was a pretrial detainee at the Manitowoc County Jail pending revocation of his probation. Dkt. No. 8 at 2. Correctional Officers Smith, Corsi, Dobbs and Kluenker entered the plaintiff's cellblock and ordered every incarcerated person "to get up against the wall on the west side of the cellblock, outside of the cell room area amongst the dayroom" for a pat search preceding a cellblock search. Id. at 2–3. During the search, Kluenker ordered the plaintiff "to move to his (C.O. Kluenker's) area" for a pat search. Id. at 3. The plaintiff says this was the same area where the other officers were conducting their pat searches of the other incarcerated persons. Id.

Kluenker performed the pat search beginning at the plaintiff's ankle and patting up his leg toward the plaintiff's groin. Id. at 3–4. The plaintiff alleges that when Kluenker reached the plaintiff's groin, he "firmly cupped [the plaintiff's] testicles with his left hand." Id. at 4. Kluenker then repeated the pat search on the plaintiff's right leg, beginning at his ankle and slowly moving up his leg to the plaintiff's groin. Id. The plaintiff alleges that Kluenker "for a second time firmly cupped [the plaintiff's] testicles with now his right hand before finishing up the pat search by pat[t]ing down [the plaintiff's] . . . upper body." Id.

The amended complaint alleges that about seven hours later, the plaintiff sent a message through the jail's kiosk system "(via the prea link) to

administration per JA." Id. As explained in the previous order, the PREA is the Prison Rape Elimination Act, and the court infers that "JA" stands for Jail Administrator. But here it appears there is a page (or more) missing from the amended complaint. The fourth and fifth pages of the amended complaint are not numbered, but the bottom of the fourth page ends midsentence with the plaintiff quoting the message he sent through the kiosk: "I would like to speak to whomever the prea coordinator is[.]" Id. The first line of the fifth page begins in the middle of a different sentence with the words "military time and state the following." Id. at 5. From the remaining allegations, the court infers that the plaintiff submitted a second PREA claim to JA Brixsus and received a response through the kiosk system that his message was "forwarded to jail administration." Id. He says Brixsus never responded to his PREA claims or spoke with him about them. Id. The plaintiff asserts that "JA Brixsus completely disreguarded [sic] the both of [his] prea claims." Id. As relief, the plaintiff wants "punishments handed out to the defend[a]nts and punitive damages to the vict[i]ms." Id. at 6.

    C.    Analysis

In the previous, order, the court noted that it was not clear whether the plaintiff was a pretrial detainee or a convicted prisoner at the time of the events alleged in the original complaint. The amended complaint clarifies that the plaintiff was a pretrial detainee. That means the court properly analyzed his claims under the Fourteenth Amendment's standard of objective reasonableness. Dkt. No. 7 at 4 (citing Kingsley v. Hendrickson, 576 U.S. 389,

397 (2015)). As noted, that means the plaintiff must show that the defendants acted "with purposeful, knowing, or reckless disregard of the consequences" of their actions. Miranda v. Cty. of Lake, 900 F.3d 335, 354 (7th Cir. 2018). The plaintiff also must show that the defendants' actions were objectively unreasonable; that is, that they were not "'rationally related to a legitimate non-punitive governmental purpose'" or that they were "'excessive in relation to that purpose.'" Hardeman v. Curran, 933 F.3d 816, 822 (7th Cir. 2019) (citing Kingsley, 576 U.S. at 397).

The amended complaint provides more detail about Kluenker's search of the plaintiff. But it still is not clear whether Kluenker's actions were a legitimate part of the pat search of the entire cellblock or "excessive in relation to that purpose." Dkt. No. 7 at 5 (quoting Kingsley, 576 U.S. at 398). The allegations in the amended complaint suggest Klunker "cupped" the plaintiff's testicles only briefly and over his clothes. But he did so twice—once after pat-searching each of the plaintiff's legs. It may not have been penologically necessary to cup the plaintiff's testicles twice while searching him, but perhaps it was; incarcerated persons do sometimes conceal contraband in their groin area. Or perhaps Kluenker did so more "firmly" than was necessary to conduct a thorough search. It is not appropriate for the court to decide these questions at screening. The court instead must "construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor." See Guitron v. Paul, No. 11-C-447, 2011 WL 2649979, at *1 (E.D. Wis. July 6, 2011), aff'd, 675 F.3d 1044 (7th Cir. 2012) (citing Jenkins v. McKeithen, 395

U.S. 411, 421 (1969)). With that standard in mind, the court concludes that the amended complaint states a Fourteenth Amendment claim against Kluenker.

The previous order explained that Brixsus could be liable for disregarding the plaintiff's PREA claims only if he heard about, read or saw them and was personally involved in responding to them (or failing to respond to them). Dkt. No. 7 at 6 (citing Vance v. Peters, 97 F.3d 987, 991 (7th Cir. 1996)). The amended complaint alleges that the plaintiff wrote two requests to Brixsus regarding the plaintiff's PREA claims about Kluenker's search. It still is not clear whether Brixsus was made aware of the plaintiff's claims, but the plaintiff says he was informed that at least one of his requests was "forwarded to jail administration." Dkt. No. 8 at 5. Given that Brixsus is the jail's administrator, it is fair to infer that Brixsus was aware of the plaintiff's PREA requests or claims and was personally involved in responding to them (or not responding to them). Construing these allegations in the plaintiff's favor, the court concludes that the amended complaint states a Fourteenth Amendment claim of deliberate indifference against Brixsus. The court will allow the plaintiff to proceed on this claim.

The plaintiff has not asked for specific relief. He says only that he wants the defendants punished and "the vict[i]ms" compensated. Dkt. No. 8 at 6. The plaintiff will need to be specific about what compensation *he* seeks. He does not have the right to seek relief on behalf of anyone but himself. See Lewis v. Casey, 518 U.S. 343, 349-50 (1996); Massey v. Helman, 196 F.3d 727, 739-40

(7th Cir. 1999). The plaintiff may seek relief only for the injuries he personally suffered from the defendants' actions.

**II. Conclusion**

The court **ORDERS** the U.S. Marshals Service to serve a copy of the amended complaint and this order on Correctional Officer Kluenker and Jail Administrator Brixsus at the Fond du Lac County Jail under Federal Rule of Civil Procedure 4. Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. §1921(a). Although Congress requires the court to order service by the U.S. Marshals Service, it has not made any provision for either the court or the U.S. Marshals Service to waive these fees. The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§0.114(a)(2), (a)(3). The U.S. Marshals Service will give the plaintiff information on how to remit payment. The court is not involved in collection of the fee.

The court **ORDERS** defendants Kluenker and Brixsus to file a responsive pleading to the amended complaint.

The court **ORDERS** that plaintiffs who are in custody at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs

---

[1] The Prisoner E-Filing Program is mandatory for all persons in custody at Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

7
Case 2:20-cv-01742-PP   Filed 07/19/21   Page 7 of 8   Document 9

who are in custody at all other prison facilities must submit the original document for each filing to the court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court reminds the plaintiff that if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to diligently pursue it. The parties must notify the clerk of court of any change of address. The court advises the plaintiff that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. The plaintiff's failure to keep the court advised of his address may result in the court dismissing this case without further notice.

Dated in Milwaukee, Wisconsin this 19th day of July, 2021.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**