# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**TIMOTHY M. BELONGIE,**

      **Plaintiff,**

v.                                                              **Case No. 20-CV-1742**

**CO KLUENKER,** *et al.*,

      **Defendants.**

## ORDER

On November 5, 2021, the defendants filed a motion for summary judgment on the ground that the *pro se* plaintiff, Timothy Belongie, failed to exhaust his administrative remedies before filing this lawsuit. (ECF Nos. 34.) On November 15, 2021, the defendants filed an amended motion on the same grounds. (ECF No. 27.) That same day, the court issued a notice and order informing Belongie that he had until December 6, 2021, to file a response to the defendants' motions. (ECF No. 26.) The court cautioned Belongie that, if by that date he did not respond or file a letter explaining why he was unable to do so, the court would accept all facts asserted by the defendants as undisputed.

The December 6, 2021 deadline has passed, and Belongie has not filed a response. As such, the court will construe the motion as unopposed. The court has reviewed the defendants' motion, brief in support, and the undisputed facts, *see* Fed. R. Civ. P. 56(e)(2), and concludes that the defendants are entitled to summary

judgment. Accordingly, the defendants' motion is granted, and the case is dismissed without prejudice. *See Chambers v. Sood*, 959 F.3d 979, 984 (7th Cir. 2020) ("A premature lawsuit must be dismissed without prejudice, and the prisoner must file a new suit after fully exhausting his administrative remedies.").

**IT IS THEREFORE ORDERED** that the defendants' motions for summary judgment (ECF No. 22) and amended motion for summary judgment (ECF No. 27) are **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice. The Clerk of Court will enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. *See* Federal Rule of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Federal Rule of Appellate Procedure 4(a)(5)(A).

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a

reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2). A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate.

Dated at Milwaukee, Wisconsin this 21st day of December, 2021.

BY THE COURT

WILLIAM E. DUFFIN
United States Magistrate Judge